UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSE M., | : |
|     Plaintiff, | : |
| | : |
| v. | :   C.A. No. 23-319MSM |
| | : |
| MARTIN O'MALLEY, | : |
| Commissioner of Social Security, | : |
|     Defendant. | : |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On November 26, 2019, Plaintiff Jose M., a "younger" individual applied for Disability Insurance Benefits ("DIB") under the Social Security Act. Tr. 15. Plaintiff's education ended in the ninth grade and he has past relevant work as a retail sales clerk at a liquor store. Tr. 24, 476. Claiming onset of disability on January 31, 2018, with a date-last-insured of September 3, 2023, Plaintiff's application alleges that he has been disabled due to lower back issues, gout, arthritis in both knees, an inflamed fatty liver, diabetes and sleep apnea. Tr. 86. An administrative law judge ("ALJ") agreed that virtually all of these amount to severe impairments. Tr. 18. In reliance on the findings of two non-examining psychologist experts, Dr. Fitzpatrick and Dr. Jeffrey Hughes, and two non-examining physician experts, Dr. Elaine Hom and Dr. Donn Quinn, together with the consulting examination report of a state agency psychologist, Dr. John Parsons, the ALJ found that Plaintiff retained the RFC[1] to perform light work, with additional limitations on his ability to stand and walk, postural and environmental limits, as well as the limit that Plaintiff "could not perform work requiring a specific production rate . . . done in close tandem

---

[1] RFC refers to "residual functional capacity." It is "the most you can still do despite your limitations," taking into account "[y]our impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what you can do in a work setting." 20 C.F.R. § 404.1545(a)(1).

with coworkers at an outwardly set pace." Tr. 20. Based on a hypothetical posed to a vocational expert ("VE"), the ALJ found that Plaintiff can perform work that is available in the national economy and therefore has not been disabled at any relevant time. Tr. 25-26.

Now pending before the Court is Plaintiff's motion for reversal of the decision of the Commissioner denying his DIB application. ECF No. 11. In the motion, Plaintiff contends that the ALJ's RFC is tainted by error because the ALJ did not properly consider as a medical opinion or other medical evidence a sentence in one medical record of treating orthopedist Dr. William Brennan that, "[h]e remains totally disabled from work at this time." Tr. 4-5, 781. Plaintiff also contends that the case must be remanded because the VE on whom that ALJ relied at Step Five failed to explain her methodology or source for the number of jobs cited; Plaintiff asks the Court to determine that the VE's answers are insufficient as a matter of law to sustain the Commissioner's Step Five burden and to disregard his attorney's failure to ask the VE any questions during the ALJ hearing. Tr. 6-8. Plaintiff also argues that Step Five findings are tainted because the ALJ's production-rate work limitation should be reinterpreted as a finding that Plaintiff lacked the capacity to understand anything more than short, simple instructions, precluding him from performing the jobs on which the ALJ relied. Tr. 8-9. Defendant has filed a counter motion for an order affirming the Commissioner's decision. ECF No. 13. Both motions have been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.    Standard of Review**

As long as the correct legal standard is applied, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §§ 405(g), 1383(c)(3); see Purdy v. Berryhill, 887 F.3d 7, 13 (1st Cir. 2018).

"[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 587 U.S. 97, 103 (2019). Substantial evidence "means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Though the difference is quite subtle, this standard is "somewhat less strict" than the "clearly erroneous" standard that appellate courts use to review district court fact-finding. Dickinson v. Zurko, 527 U.S. 150, 153, 162-63 (1999) (cited with approval in Biestek, 587 U.S. at 103). Thus, substantial evidence is more than a scintilla – it must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Irlanda Ortiz v. Sec'y of Health & Hum. Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam).

Once the Court concludes that the decision is supported by substantial evidence, the Commissioner must be affirmed, even if the Court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of Health & Hum. Servs., 819 F.2d 1, 3 (1st Cir. 1987); Lizotte v. Sec'y of Health & Hum. Servs., 654 F.2d 127, 128 (1st Cir. 1981). The determination of substantiality is based upon an evaluation of the record as a whole. Frustaglia v. Sec'y of Health & Hum. Servs., 829 F.2d 192, 195 (1st Cir. 1987) (per curiam); Brown v. Apfel, 71 F. Supp. 2d 28, 30 (D.R.I. 1999); see Parker v. Bowen, 793 F.2d 1177, 1180 (11th Cir. 1986) (per curiam) (court must consider evidence detracting from evidence on which Commissioner relied). The Court's role in reviewing the Commissioner's decision is limited. Brown, 71 F. Supp. 2d at 30. The Court does not reinterpret or reweigh the evidence or otherwise substitute its own judgment for that of the Commissioner. Thomas P. v. Kijakazi, C.A. No. 21-00020-WES, 2022 WL 92651, at *8 (D.R.I. Jan. 10, 2022), adopted by text order (D.R.I. Mar. 31, 2022).

If the Court finds either that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim, the Court may remand a case to the Commissioner for a rehearing under Sentence Four of 42 U.S.C. § 405(g).  Allen v. Colvin, C.A. No. 13-781L, 2015 WL 906000, at *8 (D.R.I. Mar. 3, 2015).  If the Court finds that a judicial award of benefits would be proper because the proof is overwhelming, or the proof is very strong and there is no contrary evidence, the Court can remand for an award of benefits.  Sacilowski v. Saul, 959 F.3d 431, 433, 440-41 (1st Cir. 2020); Randy M. v. Kijakazi, C.A. No. 20-329JJM, 2021 WL 4551141, at *2 (D.R.I. Oct. 5, 2021).

## II.     Disability Determination

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 416(i); 20 C.F.R. § 404.1505(a).  The impairment must be severe, making the claimant unable to do previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-1511.

### A.     The Five-Step Evaluation

The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. § 404.1520(a).  First, if a claimant is working at a substantial gainful activity, the claimant is not disabled.  Id. § 404.1520(a)(4)(i).  Second, if a claimant does not have any impairment or combination of impairments that significantly limit physical or mental ability to do basic work activities, then the claimant does not have a severe impairment and is not disabled.  Id. § 404.1520(a)(4)(ii).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Appendix 1, the claimant is disabled.  Id. § 404.1520(a)(4)(iii).  Fourth, if a

claimant's impairments do not prevent doing past relevant work, the claimant is not disabled. Id. § 404.1520(a)(4)(iv). Fifth, if a claimant's impairments (considering RFC, age, education and past work) prevent doing other work that exists in the local or national economy, a finding of disabled is warranted. Id. § 404.1520(a)(4)(v). Significantly, the claimant bears the burden of proof at Steps One through Four, but the Commissioner bears the burden at Step Five. Sacilowski, 959 F.3d at 434; Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five step process applies to DIB claims).

      B.      **Opinion Evidence**

An ALJ must consider the persuasiveness of all medical opinions in a claimant's case record. See 20 C.F.R. § 404.1520c. A "medical opinion" is defined in the regulations as a statement that identifies specific functional "limitations or restrictions" "about what [claimants] can still do despite their impairments." 20 C.F.R. § 404.1513(a)(2). For purposes of documenting an impairment, a medical opinion must come from an "acceptable medical source," which includes a physician, a psychologist, a licensed advanced practice registered nurse or a licensed physician assistant opining within the scope of licensed practice. 20 C.F.R. § 404.1502. The most important factors to be considered when the Commissioner evaluates the persuasiveness of a medical opinion are supportability and consistency; these are usually the only factors the ALJ is required to articulate. 20 C.F.R. § 404.1520c(b)(2); Elizabeth V. v. O'Malley, C.A. No. 23-00459-WES, 2024 WL 1460354, at *3 (D.R.I. Apr. 4, 2024), adopted by text order (D.R.I. Apr. 19, 2024). Supportability "includes an assessment of the supporting objective medical evidence and other medical evidence, and how consistent the medical opinion or . . . medical finding[] is with other evidence in the claim." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5859 (Jan. 18, 2017). Other factors that are

5

weighed in light of all of the evidence in the record includes the medical source's relationship with the claimant and specialization, as well as "other factors" that tend to support or contradict the medical opinion or finding. See 20 C.F.R. § 404.1520c(c)(1)-(5); Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. at 5859. "A medical opinion without supporting evidence, or one that is inconsistent with evidence from other sources, [is] not . . . persuasive regardless of who made the medical opinion." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. at 5854. Medical source findings/opinions may not constitute substantial evidence if rendered by a source who was not privy to evidence that would materially detract from the force of the findings. Jonathan G. v. Kijakazi, C.A. No. 22-107MSM, 2022 WL 17580663, at *6 (D.R.I. Dec. 12, 2022), adopted, 2023 WL 4077849 (D.R.I. May 3, 2023); Virgen C. v. Berryhill, C.A. No. 16-480 WES, 2018 WL 4693954, at *3 (D.R.I. Sept. 30, 2018).

"Statements that you are or are not disabled" are not medical opinions. 20 C.F.R. § 404.1520b(c)(3)(i). They are instead "statements on issues reserved to the Commissioner," which the regulations make plain are "inherently neither valuable nor persuasive" and do not warrant discussion under the medical opinion regulations. Id. § 404.1520b(c). This Court has consistently affirmed ALJs' decisions to decline to consider such statements. See, e.g., Lisa M. v. Kijakazi, C.A. No. 20-471MSM, 2021 WL 5035985, at *7 (D.R.I. Oct. 28, 2021) (statement [from Dr. Brennan] that claimant "is totally disabled due to her chronic cervical strain diagnosis" is an issue reserved to Commissioner, which ALJ may properly ignore), adopted, 2022 WL 951618 (D.R.I. Mar. 30, 2022); Amanda B. v. Kijakazi, C.A. No. 21-308MSM, 2022 WL 3025752, at *6 (D.R.I. Aug. 1, 2021) (statement that claimant "suffers from a medical condition . . . which has left her unable to work for greater than 1 year[ ] . . . and in the foreseeable future" is

an issue reserved to Commissioner as to which ALJ properly declined to articulate any analysis), adopted, 2022 WL 18910865 (D.R.I. Nov. 7, 2022). Nor is it appropriate for an ALJ to consider such statements as "other medical evidence" pursuant to 20 C.F.R. § 404.1513(a)(3). See, e.g., Redley W. v. Kijakazi, C.A. No. 23-00072-WES, 2023 WL 6057447, at *8 (D.R.I. Sept. 18, 2023) (even if treating note qualified as "other medical evidence," statement in it that claimant may be eligible for disability is "inherently neither valuable nor persuasive" and was properly ignored), adopted by text order (D.R.I. Oct. 3, 2023).

### III. Analysis and Recommendation

#### A. RFC Challenge

During the portion of the period in issue covered by the non-examining file review, Plaintiff was repeatedly seen by an orthopedist, Dr. Brennan, who addressed complaints of low back and bilateral knee pain. Based on examination and MRIs, Dr. Brennan made abnormal findings and diagnosed a torn meniscus in the right knee and recurrent disc herniation with radicular pain in the spine. Tr. 485-500. Dr. Brennan's observations included antalgic gait, tenderness and pain, spasm, limited range of motion and positive straight leg raise. Tr. 486, 492. Dr. Brennan's treating records were reviewed by the non-examining physicians, who concurred in opining that Plaintiff was limited by these symptoms but retained the exertional ability to perform light work, with additional postural limits. Tr. 97-98. The ALJ found these findings to be persuasive but modified them for his RFC finding by increasing the limit on standing and walking to four of eight hours and increasing the postural limits from frequent to occasional in light of Dr. Brennan's observations on physical examination of "mildly antalgic gait, positive straight leg raise on the left at 40 degrees, pain with hyperextension and rotation and spasm in the spine with range of motion." Tr. 23. Importantly, these clinical observations continued to

appear largely unchanged in Dr. Brennan's post-file-review treating notes. Tr. 489-92, 601, 781. That is, Dr. Brennan's physical examinations do not reflect post-file-review worsening. Thus, the ALJ's RFC appears to be well supported by substantial evidence and consistent with applicable law.

Plaintiff nevertheless now argues that remand is required because the ALJ erred in concluding that Dr. Brennan's post-file-review statement (Tr. 781) that appears in a single treating note recorded following a March 31, 2022, encounter – "He remains totally disabled from work at this time" – is not a "medical opinion" but rather is a statement on an issue reserved to the Commissioner and therefore "is inherently neither valuable nor persuasive." Tr. 24. To support this argument, Plaintiff asks the Court to examine this statement, alternatively as a "medical opinion" or as "other medical evidence," in the context of what he contends is a "detailed treatment and therapy plan" and to find that the ALJ's approach to it constitutes harmful and reversible error. ECF No. 11 at 5-6.

This argument fails because neither the March 31, 2022, treating note nor the statement in issue that is embedded in it amounts to a "medical opinion," in that they entirely lack specific functional "limitations or restrictions" "about what [Plaintiff] can still do despite [his] impairments," 20 C.F.R. § 404.1513(a)(2), as well as because the statement on which Plaintiff relies is precisely and squarely what the regulations define as "evidence that is inherently neither valuable nor persuasive." 20 C.F.R. § 404.1520b(c)(3)(i). Nor, as the case law makes plain, would it have been appropriate for the ALJ nevertheless to consider the statement because the record in which it is embedded constitutes "other medical evidence." E.g., Redley W., 2023 WL 6057447, at *8. The ALJ committed no error in finding that Dr. Brennan's statement did not warrant analysis.

Before closing, I pause to step back and respond to Plaintiff's plea that the Court should examine Dr. Brennan's statement in context. Mindful that the Court "must uphold the Secretary's findings" if "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the ALJ's] conclusion," Samantha D. v. O'Malley, C.A. No. 22-464MSM, 2023 WL 8889659, at *6 (D.R.I. Dec. 26, 2023), adopted, 2024 WL 1214555 (D.R.I. Mar. 21, 2024), I find that this perspective does not advance Plaintiff's argument. Here, the record reflects that Plaintiff had more than fifteen encounters with Dr. Brennan. For each, (except for the rare telephonic appointment during the height of the COVID-19 pandemic), Dr. Brennan performed physical examinations and recorded observations that largely reflect substantially similar clinical findings; indeed, many of them are verbatim identical.[2] Despite these similar clinical findings over a period that stretches from February 5, 2018, through June 2, 2022 (just prior to the ALJ's hearing), other than the isolated statement in the March 31, 2022, note, Dr. Brennan never added a sentence stating that Plaintiff is "totally disabled" nor did he ever opine that Plaintiff was limited with respect to employment. Further, the March 31, 2022, statement is simply not embedded as part of a "detailed treatment and therapy plan" as Plaintiff contends. Rather, it appears next to Dr. Brennan's recommendation of "[p]hysical therapy program for the back and bilateral lower extremities," a treatment plan that recurs with the same lack of detail throughout Dr. Brennan's other treating notes.[3] E.g., Tr. 490 ("going to try physical therapy" for "[l]ow back, right leg pain"); Tr. 491 ("I am going to do a physical therapy

---

[2] For example, the March 31, 2022, findings on clinical examination replicate nearly verbatim Dr. Brennan's findings on examination from October 7, 2020 (Tr. 486) and January 16, 2020 (Tr. 490). Importantly, both of the latter records were among those reviewed by the non-examining physicians who found that they support a limit to light exertional work.

[3] On reply, Plaintiff argues that the March 31, 2022, treatment plan is unique because it suggests that surgery may be an option. ECF No. 15 at 1-3. This is not accurate; Dr. Brennan first noted that surgery might be an option in October 2018, Tr. 492, and again in May 2020, Tr. 488.

and exercise program for both knees"); Tr. 494 ("I am going to start a formal physical therapy and exercise program"); Tr. 556 ("[w]e will try physical therapy for cervical lumbar spondylosis strain . . . ordered formal therapy to begin as soon as possible"). Yet to none of these other identical treatment plans did Dr. Brennan append any statement about disability or Plaintiff's inability to work.

Based on the foregoing, I find that the ALJ committed no error and that this is a case where "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the ALJ's] conclusion." Samantha D., 2023 WL 8889659, at *6. I recommend that the Court affirm the ALJ's RFC finding.

### D. Step Five Challenge to Vocational Expert's Testimony

The Court need not linger on Plaintiff's argument that the ALJ failed to sustain the Commissioner's burden at Step Five. In this case, the VE testified to numbers of specific jobs available in the national economy by DOT[4] code and SVP level, Tr. 74-79, and confirmed (in response to the ALJ's question) that her testimony about available jobs is consistent with the DOT and the SCO,[5] as well as, for certain matters (off-task time and absenteeism) her professional training and experience. Tr. 80. Plaintiff was offered an opportunity to question the VE but chose to ask no questions. Id. In reliance on a decision from the Seventh Circuit (Browning v. Colvin, 766 F.3d 702, 709 (7th Cir. 2014)), Plaintiff nevertheless now argues that remand is required because the ALJ failed to ask the VE for methodology and source for the

---

[4] "DOT" refers to the Dictionary of Occupational Titles, which is the Social Security Administration's "primary source of occupational information." Deatrick v. O'Malley, Civil Action No. 23-2218-KHV, 2024 WL 450052, at *3 n.4 (D. Kan. Feb. 6, 2024).

[5] "SCO" refers to the U.S. Department of Labor's Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles. See Alvarez v. Sec'y of Health & Hum. Servs., 62 F.3d 1411, 1995 WL 454717, at *3 (1st Cir. 1995) (per curiam) (unpublished table decision).

number of jobs to which she opined; Plaintiff does not explain what such follow-up questions might have revealed and why the answers would be material in this case.  ECF No. 11 at 7.

I find that the VE's testimony here meets the standard for VE expert testimony in the Social Security context as set in our Circuit in Purdy v. Berryhill, 887 F.3d 7, 16 (1st Cir. 2018), which explicitly rejects the approach adopted in the Seventh Circuit.  Scott B. v. Kijakazi, C.A. No. 21-481MSM, 2022 WL 17335993, at *9 (D.R.I. Nov. 30, 2022) (VE opinion regarding specific jobs with specific numbers "consistent with the DOT and the SCO" meets standard set in Purdy), adopted, 2023 WL 1794576 (D.R.I. Feb. 7, 2023).  More fundamentally, Plaintiff's argument fails because the ALJ afforded him an opportunity to question the VE, which his attorney waived.  Based on settled law in this Court, I recommend that the Court reject this argument based on waiver and affirm the ALJ's Step Five conclusion that work that Plaintiff can perform exists in sufficient numbers in the national economy to support the conclusion of no disability.  Michelle C. v. O'Malley, C.A. No. 23-230MSM, 2024 WL 2237917, at *6-7 (D.R.I. May 17, 2024) (challenge to VE's testimony as foundation for Step Five findings fails based on waiver because the ALJ afforded Plaintiff an opportunity to ask the VE questions and she chose not to explore this issue), adopted, 2024 WL 2834062 (D.R.I. June 4, 2024); Isaiah M. v. Kijakazi, C.A. No. 23-00150-MSM, 2023 WL 6229637, at *8 (D.R.I. Sept. 26, 2023) (where VE opined to three jobs identified by DOT code and SVP level and provided job numbers for each position, no error in ALJ's reliance on VE at Step Five; Plaintiff's argument deemed waived due to his counsel's election not to ask follow-up questions during hearing; plaintiff "offers nothing beyond speculation at this point in challenging the VE's opinion"), adopted, 2024 WL 1975860 (D.R.I. May 3, 2024); Redley W., 2023 WL 6057447, at *8 ("Case law in this District is clear that a Plaintiff is required to first raise any objection at the administrative level in order to pursue

11

such a claim before the District Court"; Step Five argument fails because it is waived by plaintiff's failure to raise challenge before ALJ); Scott B., 2022 WL 17335993, at *9 (VE's testimony regarding specific jobs with specific numbers, "consistent with the DOT and the SCO," is adequately reliable to support Step Five finding; argument challenging Step Five determination is deemed waived due to Plaintiff's failure to raise challenge before ALJ).

Nor should the Court tarry over Plaintiff's contention that the ALJ's production rate limitation somehow may be morphed into a finding that Plaintiff lacked the capacity to understand anything more than short, simple instructions, rendering him incapable of performing any of the jobs to which the VE opined. Plaintiff's problem is that the ALJ simply made no such finding, nor did the consulting expert psychologist, Dr. Parsons, nor does Plaintiff point to a scintilla of evidence to support this contention. To the contrary, in appropriate reliance both on the consulting examination finding of Dr. Parsons that "[h]e was able to follow and understand directions without significant impairment," Tr. 481, and on the non-examining expert finding at the reconsideration phase that Plaintiff is "capable of simple and complex tasks," Tr. 95, the ALJ affirmatively found that Plaintiff "was able to follow and understand directions without significant impairment." Tr. 18. I recommend that the Court reject this unfounded argument.

## IV.   Conclusion

Based on the foregoing analysis, I recommend that Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 11) be DENIED and Defendant's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 13) be GRANTED.

Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in

a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 20, 2024